216

## STATE v. WIESS.
### No. 3922.

Court of Civil Appeals of Texas. Beaumont.
Oct. 9, 1942.

Rehearing Denied Oct. 21, 1942.

Gerald C. Mann, Atty. Gen., Cecil C. Rotsch, Asst. Atty. Gen., and Billy Goldberg, Asst. Atty. Gen., for appellant.

E. E. Townes and J. Q. Weatherly, both of Houston, for appellee.

COMBS, Justice.

This suit by the State was filed to collect an additional inheritance tax of $23,625.74 alleged to be due by the estate of Mrs. Louisa Elizabeth Wiess, deceased. The trial court denied the State's contention that any additional estate tax was due it, and the State has appealed.

For the purpose of this opinion, it is sufficient to say that the State seeks the additional tax by the authority of the Acts of 1933, Chapter 5A, Title 122, of Vernon's Ann.Civ.St. art. 7144a. That act was passed by our Legislature for the express purpose of taking advantage of the Federal Statute of 1926, § 301(b), Chapter 27, Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts, page 226, which allowed an estate taxpayer credit for estate taxes paid to States up to 80 per cent of the taxes due and payable to the federal government. Mrs. Wiess died July 7, 1936, and in due course her estate was valued and the "basic" inheritance tax provided by Chapter 5, Title 122, Vernon's Ann.Civ.St. Art. 7117, was paid. Federal inheritance tax was paid on the

basis of the same valuation. But subsequently the Collector of Internal Revenue sought an additional federal tax on the theory that something more than two million dollars worth of bonds and securities conveyed to relatives by Mrs. Wiess during the years of 1934 and 1935, were transferred in contemplation of death and should be included in the value of the estate for the purpose of federal inheritance tax. The Federal Agent sought to impose an additional tax by reason of these gifts of $576,007.15. Appellee denied the claim in toto and demanded a hearing. The hearing developed into a bargaining session which resulted in the claim being compromised and settled for $354,435.72. It was stipulated that said sum should be net to the federal government and "not subject to any deduction or credit on behalf of the tax payer for any cause or reason whatsoever." The State law, as of the time of the death of Mrs. Wiess, did not impose any estate tax upon gifts made in contemplation of death. In this suit the State seeks the additional sum of $23,625.74 solely on the theory that the State is entitled to recover such tax as due the State under the Act of 1933, because appellee paid an additional federal estate tax under the Federal Act of 1926, in the amount represented by the compromise.

## Opinion.

We think the judgment of the trial court denying recovery should be affirmed. We will state briefly that the State, on the record before us, failed to establish that the estate of Mrs. Wiess was subject to any additional estate tax.

▮▮▮ The additional estate tax Act of 1933 (Vernon's Ann.Civ.St. Chapter 5A, Title 122, Art. 7144a) was enacted for the express purpose of taking full advantage of the Federal Statute, § 301(b), Chapter 27, Revenue Act 1926, which allowed an estate taxpayer credit for inheritance tax payments made to states up to 80 per cent of the tax due and payable to the Federal Government under Section 301(b). The Federal Act of 1926 had the effect of relinquishing to the states up to 80 per cent of the collectable federal estate tax imposed by the Act. In re Knowles' Estate, 295 Pa. 571, 145 A. 797, 63 L.R.A. 1086. The reading of our Act of 1933 makes clear that it was the intention of the Legislature to impose such additional inheritance tax to the extent, and only to the extent, that the Federal Revenue Act of 1926 allowed a corresponding offset or credit. In other words, it merely sought to take advantage of the Federal Act by capturing for the State the full amount relinquished. It was not intended to increase the combined over all estate tax burden imposed by the State and Federal Governments. This is made clear by Section 8 of the Act, which provides that "Sections 1 to 7, inclusive, of this Chapter shall always be construed so as not to increase the total amount of taxes payable to the State and the Federal Government combined upon the estates of decedents."

▮▮▮ In the present case the amount paid by the appellee to the Federal Government was in the nature of a compromise under Section 308(d) of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts, page 245, and by the terms of the compromise, the amount paid by the taxpayer was not subject to any offset or credit for payment of state inheritance taxes. Hence, to sustain the State's contention would be to impose an additional state inheritance tax when the Federal Act allows no offsetting credit. This would be contrary to the express purpose and intent of our statute.

Moreover, the Act of 1933 (§ 1) levies the additional tax upon the "entire net value of the taxable estate of the decedent situated and taxable in the State of Texas." And Section 5, which provides the method of determining the amount due under the Act specifies that "same shall be computed as eighty (80%) per cent of such taxes actually assessed and determined by the Federal Government under the Revenue Act of 1926."

▮▮▮ The record shows there was a bona fide controversy between appellee and the federal authorities, as to whether or not any additional estate tax was due the Federal Government. The controversy was settled by compromise, whereby the Government accepted more than $200,000 less than it would have been entitled to if its contention that the gifts should be included in the valuation of Mrs. Wiess' estate had been sustained. By the compromise appellee merely bought his peace. Being a compromise, it admitted nothing, not even that any tax was due, much less that the sum paid was the correct amount of such tax. These matters were not "determined" by the compromise. Therefore, the record

affords no basis for computing the additional tax due the State by appellee, if any such tax were assessable under our statutes.

The judgment of the trial court is affirmed.